NATIONAL TREASURY EMPLOYEES UNION, CHAPTER 161, Petitioner,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

No. 02–1153.

United States Court of Appeals, District of Columbia Circuit.

Filed On: April 25, 2003.

Before EDWARDS, RANDOLPH, and TATEL, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This cause came to be heard on a petition for review of an order of the Federal Labor Relations Authority and was briefed and argued by counsel. It is

**ORDERED AND ADJUDGED** that the petition for review is hereby denied.

Petitioner National Treasury Employees Union, Chapter 161 ("Union" or "NTEU") challenges a decision by the Federal Labor Relations Authority ("Authority" or "FLRA") to set aside an arbitration award relating to a bargaining dispute between the Union and the United States Customs Service ("Customs"). The Union argues that it did not receive adequate notice from Customs about a change in an overtime policy affecting bargaining unit employees, and, therefore, that it did not waive its right to bargain by filing a grievance rather than making a request to bargain. Petitioner further argues that any request to bargain would have proved futile. An arbitrator upheld the Union's grievance, holding that, because Customs had not provided NTEU with adequate notice of its intent to change the disputed overtime policy, the Union did not waive its right to bargain over the matter. The FLRA set aside the arbitrator's award, finding that the arbitrator had misapplied *U.S. Army Corps of Engineers, Memphis District, Memphis Tennessee*, 53 F.L.R.A. 79, 1997 WL 358858 (1997) ("*Corps of En-*

gineers"), in holding that Customs did not provide adequate notice of its decision to change conditions of employment. The Authority concluded that the notice from Customs was sufficient under *Corps of Engineers*, and that the Union had waived its right to bargain by not making a request to bargain after receiving adequate notice. *U.S. Dep't of the Treasury, U.S. Customs Serv., Port of New York & Newark & NTEU, Chapter 161*, 57 F.L.R.A. No. 151, 2002 WL 442949, 2002 FLRA LEXIS 20, at *13 (F.L.R.A. Mar. 20, 2002) ("*FLRA Order*"). We can find no error in the Authority's judgment.

In support of its holding that NTEU received adequate notice from Customs of the planned change in overtime policy, FLRA found that the Union was fully apprised of the nature of the new policy, the likelihood that the change would occur, and the timing of the pending change. *FLRA Order*, 2002 FLRA LEXIS 20, at *10–*11. On these findings, the Authority reasonably construed *Corps of Engineers* to require that the Union make a request for bargaining in order to preserve its right to bargain. *See* 53 F.L.R.A. at 82–83. And, in reaching this conclusion, the Authority rejected the arbitrator's contrary construction and application of *Corps of Engineers*. We can find no error in the Authority's application of *Corps of Engineers* or in its rejection of the arbitrator's view of that precedent.

Before this court, the Union's theory of the case has changed rather dramatically. The Union now claims that *Patent Office Professional Ass'n v. FLRA*, 872 F.2d 451 (D.C.Cir.1989) ("*POPA*"), not *Corps of Engineers*, is the controlling precedent in this case. In *POPA*, the court held that a union did not waive its right to bargain over official time for representational activities by requesting that the agency not implement changes until a ruling was obtained as to their legality. The court noted:

> The union's protest against the change and its inquiry into legal remedies did not waive its right to bargain, as much as initiate it. Moreover, the union actually filed an unfair labor practice complaint, charging that the change in the official time practice was a violation of the Memorandum of Understanding and the Statute's requirement that the parties bargain in good faith. As counsel for the FLRA conceded in oral argument, the principal remedy that would be available to the union pursuant to its unfair labor practice charge is an order for the agency *to bargain* over the change. Thus, when the union protested the agency's proposed change in official time, then sought a delay in the change pending resolution of disputed legal issues, and then filed an unfair labor practice charge seeking to block the agency's unilateral change, it surely did not "waive" whatever right it had to bargain over official time for representational activities. Indeed, the Authority's position on this point defies comprehension.

*Id.* at 455–56 (emphasis in the original). The Union here contends that, when it filed a grievance challenging Customs' unilateral action as a breach of the duty to bargain, this was no different than the union's filing of an unfair labor practice charge in *POPA*. In other words, in each case, "[t]he union's protest against the change and its inquiry into legal remedies did not waive its right to bargain, as much as initiate it." This is a compelling claim. It fails, however, because this theory of the case was never advanced before the FLRA. The claim is therefore waived and the court has no authority to consider it. *See United States Dep't of Defense v. FLRA*, 982 F.2d 577, 579–80 (D.C.Cir. 1993); 5 U.S.C. § 7123(c).

The Union concedes that it did nothing more than defend the arbitrator's decision in defending the initial award before the Authority. *See* Petitioner's Reply Br. at 5. The arbitrator did not rely on a *POPA* no-waiver rationale, however. Rather, the arbitrator construed *Corps of Engineers* in addressing the "adequacy of notice" issue. *POPA* was not cited to the arbitrator, nor was it discussed by him. In defending the arbitrator's award before the FLRA, the Union did not cite POPA, nor did it pursue a waiver theory following the rationale of POPA. And upon issuance of the FLRA's decision, which clearly rested on the Authority's view of *Corps of Engineers,* the Union did not petition for reconsideration on the ground that the FLRA had erred in failing to consider and apply POPA.

For the same reason, we have no authority to consider the Union's additional claim that any bargaining request would have proved futile. Petitioner never pressed this argument either in the proceedings before the arbitrator or on review before the Authority. And even if the issue were properly before us, we find no record evidence suggesting that Customs would have declined an opportunity to bargain had the Union made such a request.

Under 5 U.S.C. § 7123(c), "[n]o objection that has not been urged before the Authority ... shall be considered by the court, unless the failure or neglect to urge the objection is excused because of extraordinary circumstances." There are no "extraordinary circumstances" in this case justifying the Union's failure to raise the *POPA* issue or the futility issue before the Authority. We are therefore barred from considering these issues.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-hearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.